LESLIE SCHWAEBE AKINS (SBN 138678)
LESLIE SCHWAEBE AKINS, A Law Corporation
7157 Argonauta Way
Carlsbad, California 92009
Telephone:   (760) 931-2920
Facsimile:   (760) 603-0547
E-Mail: lsa@stockmarketlaw.com
Attorneys for Plaintiff

UNITED STATE DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FORACE R. HOGAN, an individual<br><br>Plaintiff,<br><br>v.<br><br>UNITED AIRLINES, INC. a Delaware corporation, and DOES 1 - 50,<br><br>Defendants. | CASE NO. 2:25-cv-11901<br><br>COMPLAINT FOR<br><br>1. WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY<br><br><br>JURY TRIAL DEMANDED |

Plaintiff Forace R. Hogan ("Plaintiff" or "Forace"), brings his Complaint against the above-named Defendants, and hereby alleges the following.

**THE PARTIES**

1.  Plaintiff, age 63, is and at all times herein mentioned was, a resident of Los Angeles County, California.  Plaintiff was ALSO an airline pilot for United Airlines, Inc. for approximately 27 years until his termination by United Airlines, Inc. on or about December 16, 2021.

2. Defendant United Airlines, Inc. ("Defendant" or "United") is, and at all times herein mentioned was, an incorporated and existing under the laws of the State of Delaware, with its principal place of business in Chicago, Illinois. United does business and has physical locations in Los Angeles, California.

3. Plaintiff is informed and believes and thereon alleges that Doe Defendants 1-50 are Defendants' officers, directors, employees, agents, independent contractors, affiliates, advisors, consultants, lenders, attorneys or accountants who worked for or provided services to United, and were possibly involved in United's termination of and discrimination against Plaintiff.

4. On information and belief, Defendant United is and at all times herein mentioned was, controlled, dominated, and operated by Doe Defendants 1-15 as their individual business and alter ego, in that the activities and business of United were carried out without actions being approved or ratified by United's Board of Directors and Senior Officers, and who wrongfully discriminated and retaliated against Plaintiff and who wrongfully terminated Plaintiff's employment with United without cause and in violation of public policy.

5. Adherence to the fiction of the separate existence of defendant United as an entity distinct from Doe Defendants 1-15 would permit abuse of the corporate privilege and produce an inequitable result in that one of these Doe Defendants represented to Plaintiff that his August 31, 2021 Request for Reasonable Accommodation was approved and that he was exempted from getting United's requirement that United's Pilots get the Covid-19 Shot by November 5, 2021. In reliance of this representation, Plaintiff did not get the Covid-19 Shot, and was subsequently fired by United. Plaintiff believes that he was "set up" by his superior for termination by his not getting the Covid-19 Shot by the November 5, 2021 deadline. After November 5, 2021 passed, United sent an investigator to meet with Plaintiff for the purpose of asking Plaintiff if he had obtained the Covid-19 shot by the November 5, 2021. Plaintiff told the United Investigator, "No" and told him his Application for Reasonable Accommodation- medical was approved which exempted

him from complying with the United Order. Nevertheless, on or about December 16, 2021, United terminated Plaintiff's employment in bad faith and in violation of public policy, and retaliated against Plaintiff for not complying with United's Order.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this case under 28 U.S.C. § 1331 because the case arises under the Constitution, laws, or treaties of the United States.

7. This Court has personal jurisdiction over defendants because under *International Shoe* and its progeny, they have at least minimum contacts with California such that traditional notions of fair play and substantial justice would not be offended by the exercise of jurisdiction. This Court has personal jurisdiction over United through domicile of the corporation because, pursuant to § 410.40 of the California Code of Civil Procedure, as United, a foreign corporation, is either physically present in California or who consents to defend a lawsuit in California, is subject to the personal jurisdiction under the common law of California. Personal jurisdiction further exists under California's long arm statute as codified in § 410.10 of the California civil code. Defendants and their agents engaged in business in the state and engaged in the commission of tortious acts with the state and other enumerated acts described in this complaint.

8. Venue is proper in the Central District of California because United does a significant percentage of business in the Central business and state a significant portion of their flights in and around this judicial district. Further, United terminated Plaintiff in the Central District of California (Los Angeles), and Plaintiff was based out of Los Angeles County. KLAX (Los Angeles flight operation group).

COMPLAINT FOR EMPLOYMENT DISCRIMINATION

**FACTUAL BASIS OF CLAIMS**

9. On or about November 21, 1994, Plaintiff was hired by United in the position of Pilot which he held until on or about December 16, 2021.

10. In or about the summer of 2021, United issued an Order (the "United Order") directing its employees, including its Pilots, to get the Covid-19 Emergency Use Authority ("EUA") Shot ("the Covid-19 Shot"). At the time of the United Order, the Covid-19 Shot had not been Certified by the Federal Drug Administration ("FDA"), and not been approved for use by the Federal Aviation Authority ("FAA"). The United Order concerned Plaintiff as he had circulatory concerns which occasionally caused portions of his lower body to swell. However, Plaintiff was able to keep his condition under control and it never interfered with Plaintiff's job performance and, even at the time that United terminated his employment, Plaintiff was still certified to fly as a senior Pilot for United.

11. Plaintiff sought out his superior, Captain Brian Jackson, and Plaintiff expressed his concern about the United Order and his medical condition to Captain Jackson. Plaintiff also told Captain Jackson that if United could guarantee that the Covid-19 Shot was safe, and protect his family financially should he have a negative reaction or contract Covid-19, then he would reconsider his position. Captain Jackson indicated to Plaintiff that was not going to happen. Instead, Captain Jackson advised Plaintiff that he could request a reasonable accommodation on medical grounds which would exempt Plaintiff from the United Order.

12. On or about August 31, 2021, Plaintiff applied for a reasonable accommodation for medical reasons as the Covid-19 Shot was not FDA Certified, nor was it approved by the FAA Aeromedical branch. Thereafter, Plaintiff was advised by United that his reasonable accommodation request had been granted.

13. In November 2021, United sent an Investigator from Chicago (ORDFO) to meet with Plaintiff. At the meeting, the United investigator, Captain Jeff (last name unknown) asked Plaintiff if he had received the Covid-19 Shot by the November 5, 2021

deadline. Plaintiff informed the United Investigator "No" and went on to tell the Investigator that he had been granted a Reasonable Accommodation on medical grounds. The United Investigator asked no more questions of Plaintiff, and left the building.

14. Sometime on or after December 16, 2021 Plaintiff was informed that his employment with United was terminated for not complying with the United Order and obtained the Covid-19 Shot by November 5, 2021, even though United had approved Plaintiff's Reasonable Accommodation.

15. Plaintiff is informed and believes and thereon alleges that United discriminated against Plaintiff due to Plaintiff not obtaining the Covid-19 Shot, even though United granted Plaintiff 's Reasonable Accommodation, which act violated public policy and federal law.

16. After United terminated Plaintiff's employment, Plaintiff learned that he had been discriminated against by United arbitrary and capricious granting to similarly situated United Pilots by United offering and making available to other Pilots the ability to apply for multiple RAPs, but denied the same to Plaintiff. Defendants also discriminated and retaliated against Plaintiff by arbitrarily and capriciously treating Plaintiff worse then other similarly situated United Pilots who also did not obtain the Covid-19 Shot in violation of the United Order in violation of California and federal law. Defendants retaliated against Plaintiff for his refusal to comply with the United Order due to medical and safety concerns, which were legitimate and reasonable, particularly since the Covid-19 Shot was not FDA Certified nor FAA approved. Defendants disregarded the fact that Plaintiff had applied for and United granted a reasonable accommodation which constituted an adverse employment action against Plaintiff when he was part of a protected group. United's termination of Plaintiff's employment was in bad faith and punitive in nature.

17. Defendants' actions also negligently if not intentionally inflicted upon Plaintiff severe emotional and physical distress. Defendants' actions deprived Plaintiff of his employment, and his ability to seek and obtain commensurate employment with other

airlines, thereby depriving Plaintiff of continuing or increasing his annual income and job security.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

18. Plaintiff timely filed his discrimination and termination claim with the Equal Employment Opportunity Commission ("EEOC") and received his Right to Sue letter from the EEOC on September 17, 2025. On December 16, 2025, Plaintiff received his Amended Determination from the EEOC. True and correct copies of Plaintiff's Right to Sue letter and Amended Determination from the EEOC are attached hereto as **Exhibit 1.** Plaintiff has therefore exhausted his administrative remedies, to the extent required.

## CAUSES OF ACTIONS

## FIRST CAUSE OF ACTION – WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

**(Against All Defendants)**

19. As a separate and distinct cause of action, Plaintiff complains and realleges all of the allegations contained in hereinabove and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

20. Plaintiff is: (1) a member of a protected class, i.e. United Pilots who refused to get or receive the Covid-19 Shot which was not FDA Certified nor FAA Approved) and a member of the United Reasonable Accommodation Program ("RAP") under the United contract stipulated through the Railway Labor Act; (2) was qualified for the position as Pilot for United; (3) and, notwithstanding the fact that Plaintiff was a member of two protected classes, United nevertheless effected an adverse employment action against Plaintiff, i.e., United terminated Plaintiff's employment as a Pilot, even though it had previously granted Plaintiff's Reasonable Accommodation Request ("RAP approval"); and (4) United gave similarly situated United Pilots who did obtain the

6

COMPLAINT FOR EMPLOYMENT DISCRIMINATION

Covid-19 Shot preferential status and benefits, i.e. they were allowed to keep their jobs as United Pilots, were treated more favorably by United with respect to scheduling and trip priority and the accompanying increased resulting earnings, all of which give rises to an inference of discrimination by United. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

21.     At all relevant times, Plaintiff was qualified for his position as Pilot and was certified by United for service.  Plaintiff could and did perform the essential functions and duties of his job as a Pilot for United until December 16, 2021 when United terminated his employment, notwithstanding United's granting Plaintiff his Reasonable Accommodation Request.

22.     On or about the summer of 2021, United issued the United Order that its pilots get the Covid-19 Shot by September 27, 2021, as later extended to November 5, 2021.  Plaintiff went to his superior Captain Jackson and explained his situation and medical concerns about the safety of the EUA. Plaintiff expressed concern for himself and his family.  Captain Jackson then advised Plaintiff to apply for a medical reasonable accommodation which Plaintiff did.  Later, Plaintiff was informed that his reasonable accommodation had been approved.

23.     In November 2021, Plaintiff was called into a meeting with a United Investigator.  At this meeting the investigator asked Plaintiff if he had complied with United Order and obtained the Covid-19 Shot prior to the November 5, 2021 deadline. Plaintiff responded "No" and advised the Investigator that United had granted his Reasonable Accommodation Request, which exempted Plaintiff from obtaining the Covid-19 Shot.

24.     Despite United approving Plaintiff's Reasonable Accommodation Request, United nevertheless took an adverse employment action against Plaintiff when, on or after December 16, 2021, United terminated Plaintiff's employment, citing an alleged violation of the United Order.

COMPLAINT FOR EMPLOYMENT DISCRIMINATION

25. Similarly situated United Pilots, both inside and outside Plaintiff's protected class, were treated more favorably under comparable circumstances, as United did not terminate these similarly situated Pilots and other employees' employment with United, even though they failed to comply with the United Order.

26. Defendant discriminated against Plaintiff and other United Pilots nationwide who did not obtain the Covid-19 Shot, but had their RAP's approved, and /or took other adverse employment actions against them such as unpaid leaves, discharge, and/or denial of seniority or their employment benefits in violation of the American Disabilities Act ("ADA").

27. Further once Plaintiff's request for reasonable accommodation was approved, United was prohibited from taking any adverse employment action, including terminating Plaintiff's employment.

28. Defendants' termination of Plaintiff's employment violated clearly established public policy embodied in the ADA, and the Railway Labor Act which prohibits discrimination against qualified individuals with disabilities and protects employees who request and receive reasonable accommodations.

29. Defendants' discrimination against Plaintiff was intentional. Additionally, Defendants acted with malice or with reckless indifference towards Plaintiff when it terminated Plaintiff's employment in violation of his federally protected rights. United's actions demonstrate that it acted with evil motive or reckless disregard for violating federal law, as United knew or should have known their actions were illegal.

30. Defendants' actions terminating Plaintiff's employment also breached the implied covenant of good faith and fair dealing founded in the contracts and agreements between the parties, which prevent each party from undergoing actions or course of conduct designed to deprive the other party of the benefit of their employment contracts.

31. As a direct and proximate result of United's wrongful discharge of Plaintiff in violation of public policy embodied in the ADA, and in violation of the Railway Labor Act, Plaintiff has suffered monetary and non-monetary damages, including but not

8

COMPLAINT FOR EMPLOYMENT DISCRIMINATION

limited to lost past and future wages, lost employment benefits including health and life insurance, lost bonuses, damage to Plaintiff's reputation, lost new business prospects, and emotional distress.

32. As a direct and proximate result of Defendants' discrimination and disparate treatment, Plaintiff has been damaged in excess of this court's jurisdiction, the exact amount of which will be proven at the time of trial, according to proof.

33. Defendants' discrimination and disparate treatment against Plaintiff was unlawful and despicable, demonstrated that United acted with malice or with reckless indifference against his federally protected rights, thereby entitling Plaintiff to recover, in addition to his actual and consequential damages, damages for the sake of example and by way of punishing the Defendants under the ADA.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment against Defendants as follows:

1. For general and compensatory damages according to proof;
2. For special and consequential damages according to proof;
3. For punitive and exemplary damages on each cause of action for which they are awardable;
4. For all civil penalties awardable;
5. For attorney's fees and litigation costs, including expert witness fees;
6. For costs of suit incurred;

7. For an award of interest, including prejudgment interest, at the legal rate, and

8. For such other and further relief as the Court may deem just and proper.

Dated: December 16, 2025    Respectfully submitted,


  /s/ Leslie Schwaebe Akins, Esq.
LESLIE SCHWAEBE AKINS (SBN 138678)
LESLIE SCHWAEBE AKINS, A Law Corporation
7157 Argonauta Way
Carlsbad, California 92009
Telephone:   (760) 931-2920
Facsimile:    (760) 603-0547
E-Mail: lsa@stockmarketlaw.com
Attorneys for Plaintiff
Forace R. Hogan


### DEMAND FOR JURY TRIAL

By this notice, Plaintiff hereby makes demand for a trial by jury.

Dated: December 16, 2025    Respectfully submitted,

  /s/ Leslie Schwaebe Akins, Esq.

LESLIE SCHWAEBE AKINS (SBN 138678)
LESLIE SCHWAEBE AKINS, A Law Corporation
7157 Argonauta Way
Carlsbad, California 92009
Telephone:   (760) 931-2920
Facsimile:    (760) 603-0547
E-Mail: lsa@stockmarketlaw.com
Attorneys for Plaintiff
Forace R. Hogan